## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

JOHN JOSEPH STEFANDIE, JR.,

     Plaintiff,

                             **CASE NO.: 5:25-cv-05038-TLB**

v.

WALMART, INC f/k/a WAL-MART STORES, INC.,

     Defendant.

## COMPLAINT

Plaintiff, **JOHN JOSEPH STEFANDIE, JR** ("Plaintiff"), by and through his attorneys, **JOHNSON BECKER, PLLC** and **KEITH LAW GROUP**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **WALMART, INC f/k/a WAL-MART STORES, INC., ("Walmart")** and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot Smart-60" (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Walmart and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, LLC. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

2.     Defendant markets, imports, distributes, and sells a wide-range of consumer products,

including the subject "Instant Pot Smart," which specifically includes the "Smart-60" model that is at issue in this case.

3.    Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety"[1] features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendant marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.    Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

5.    Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

6.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and

_____

[1] *See generally,* https://instantpot.com/pages/manuals-and-resources ("Instant Pot Smart WiFi is designed with 11 Safety Mechanisms to eliminate many common errors which may cause harm or spoil food.") and ("Safety Lid Lock – When cooker is pressurized, the lid will automatically lock to prevent opening the cooker. Do not attempt to force the lid open while the cooker is pressurized.")

diminished enjoyment of life.

### PLAINTIFF JOHN JOSEPH STEFANDIE, JR

7.      Plaintiff is a citizen and resident of the City of Upper Chichester, County of Delaware,

State of Pennsylvania.

8.      Plaintiff's mother purchased the subject pressure cooker from the Walmart located at 605

Conchester Hwy, Boothwyn, PA 19061.

9.      On or about March 4, 2023, Plaintiff suffered serious and substantial burn injuries as the

direct and proximate result of the pressure cooker's lid being able to be rotated and opened while

the pressure cooker was still under pressure, during the normal, directed use of the pressure

cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and

onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed

"safety mechanisms" which purport to keep the consumer safe while using the pressure cooker.

### DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.,

10.      Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") markets, imports,

distributes and sells a variety of consumer products, including the subject pressure cooker in this

case.

11.      Defendant Walmart is, and was at the time of Plaintiff's injury, a corporation organized

and existing under the laws of the state of Delaware with its headquarters and principal place of

business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore

deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for

purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction

prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Walmart maintains

a principal place of business in this district and is deemed a citizen of this district for purposes of

diversity pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

14.    Defendant is engaged in the business of marketing, importing, distributing, and selling a

wide range of consumer products, including the subject "Instant Pot Smart Pressure Cooker,"

which specifically includes the "Smart-60" model that is at issue in this case.

15.    Upon information and belief, the subject pressure cooker was designed, manufactured,

marketed, imported, distributed, and/or sold by Instant Brands, LLC.

16.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United

States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed.

See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

17.    The pressure cookers marketed, imported, distributed, and sold by Defendants purport to

be designed with "Safety Mechanisms"[2] which purport to eliminate many common errors which

may cause harm or spoil food, misleading the consumer into believing that the pressure cookers

are reasonably safe for their normal, intended use.

18.    By reason of the forgoing acts or omissions, the above-named Plaintiff and his family

purchased and used the pressure cooker with the reasonable expectation that it was properly

designed and manufactured, free from defects of any kind, and that it was safe for its intended,

foreseeable use of cooking.

19.    Plaintiff used the pressure cooker for its intended purpose of preparing meals for himself

and/or his family and did so in a manner that was reasonable and foreseeable by the Defendant.

_____

[2] *Id.*

4

20.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

21.    The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23.    Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

24.    As a direct and proximate result of Defendant's concealment of such defects, it's failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

25.    Consequently, the Plaintiff in this case seeks damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **CLAIMS FOR RELIEF**

## COUNT I
## <u>STRICT LIABILITY</u>

26.     Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

27.     At the time of Plaintiff's injuries, the pressure cookers imported, distributed, marketed, supplied and/or sold by Defendant were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28.     The subject pressure cooker was unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

29.     The pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

30.     Plaintiff did not misuse or materially alter the subject pressure cooker.

31.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32.     Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the pressure cookers safe.  Specifically:

   a.  The pressure cookers imported, distributed, marketed, supplied and/or sold by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.  The seriousness of the potential injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c.  Defendant failed to properly import, distribute, market, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d.  Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

e.  Defendant failed to adequately test the pressure cookers; and

f.  Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

33.  Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages as described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

34.  Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

35.  Defendant had a duty of reasonable care to market, distribute, import, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

36.  Defendant failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, importation, sale and marketing of the pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37.  Defendant was negligent in the advertising, warning, marketing, importation, distribution, and sale of their pressure cookers in that, among other things, they:

a.  Failed to use due care in selecting, importing, marketing, advertising, distributing, and selling the pressure cookers to avoid the aforementioned risks to individuals;

b.  Placed an unsafe product into the stream of commerce; and

      c.   Was otherwise careless or negligent.

38.    As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendant in this case is liable.

    **WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

### COUNT III
### <u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>

39.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

40.    Defendant marketed, distributed, imported, supplied, and sold pressure cookers with an implied warranty that they were merchantable and fit for the ordinary purposes for which they were intended.

41.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

42.    The subject pressure cookers were not merchantable and fit for the ordinary purposes for which they were intended as a safe means of cooking meals due to the lid of the pressure cooker being removable with built-up pressure, heat, and steam still inside the unit.

43.    The subject pressure cooker was purchased with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended use of cooking meals.

44.    Defendant's breach of implied warranty was the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

45.     As a direct and proximate result of Defendant's strict liability, negligence and wrongful conduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

46.     As a direct and proximate result of Defendant's strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

47.     As a direct and proximate cause of Defendants' strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered from the incident. Plaintiff is entitled to recover damages from Defendants for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law

and/or statutory law, including:

    a.  judgment for Plaintiff and against Defendants;

    b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

    c.  pre and post judgment interest at the lawful rate;

    d.  a trial by jury on all issues of the case; and

    e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**THE KEITH LAW GROUP**

Dated: <u>February 21, 2025</u>

*/s/ Sean T. Keith*
Sean T. Keith (AR Bar No. 93158)
Regions Bank Building
5050 W Northgate Rd #108
Rogers, AR 72758
(479) 326-7734
Sean@keithlawgroup.com

*In association with:*

**JOHNSON BECKER, PLLC**

10

Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

11